# Exhibit A

Phillips /ABC Lo 4/12/26 11:00

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CLARK

| | |
|---|---|
| JAXENE SUNDSTROM, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NERDWALLET, INC, and DOES 1-10,<br><br>Defendants. | NO.<br><br>SUMMONS |

TO NERDWALLET, INC

A lawsuit has been started against you in the above-entitled court by the Plaintiff. The Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons (60 days if served outside the State of Washington), excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the Plaintiff is entitled to what she or he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED March 22, 2026.

NORTHWEST DEBT RESOLUTION, LLC

/s/ Peter Schneider
Peter Schneider, WSBA# 43131
Attorney for Plaintiff
Northwest Debt Resolution, LLC
10900 Ne 4th Street, Ste. 2300
Bellevue, WA 98004
peter@nwdebtresolution.com
PH: 206-800-6000
FX: 206-800-6015

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CLARK

| | |
|---|---|
| JAXENE SUNDSTROM, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NERDWALLET, INC, and DOES 1-10,<br><br>Defendants. | NO.<br><br>CLASS ACTION COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227, ET SEQ, WASHINGTON TELEPHONE SOLICITATION ACT, RCW 80.36.390, WASHINGTON AUTOMATIC DIALING & ANNOUNCING DEVICE ACT, RCW 80.36.400, & WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86 ET SEQ<br><br>JURY TRIAL DEMANDED |

COMES NOW the Plaintiff, Jaxene Sundstrom, on behalf of herself and others similarly situated and complains against NERDWALLET, INC, for cause of action against the Defendants complains and alleges as follows:

## I. INTRODUCTION

1. There are telemarketers in America whose long-term business model is placing lots and lots of unsolicited calls and robocalls.

2. Companies who sell a particular widget are looking for customers interested in such widgets, and telemarketers are eager to introduce widget makers with possibly interested customers.

3. Some telemarketers call all the phone numbers they can, playing pre-recorded or artificially generated speech about widgets.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

4. The telemarketer does this to build up a pool of valid phone numbers, noting key demographics of the people behind the phone numbers like age, gender, interests, or location.

5. When the telemarketer strikes a deal with a specific widget maker to find potential customers, the telemarketer goes to their calling pool and calls the people that fit the widget maker's specified customer profile.

6. And call them again and again and again.

7. When the telemarketer finds a consumer they can sell to a widget maker, they call that person a "Lead."

8. The telemarketer passes the Lead to a widget maker for monetary gain, the widget maker is happy to have someone to pitch their widgets to, and everyone in the loop gains something.

9. This is with the exception of consumers like the Plaintiff and individuals in the proposed class, who don't want the phone calls.

10. As former Senator Fritz Hollings once stated:

> "computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall."

## II. PARTIES, JURISDICTION & VENUE

11. The Plaintiff is a resident of Clark County, Washington, and was a resident of Washington State at all times relevant and material to this complaint.

12. Defendant NERDWALLET, INC ("Nerdwallet") is a Delaware corporation with its principal address located at 4150 N Drinkwater Blvd, Ste. 200, Scottsdale, AZ 85251.

13. Nerdwallet's registered agent in Washington State is Telos Legal Corp 1801 West Bay Dr NW, Ste. 202B, Olympia, WA 98502.

14. Does 1-10 are currently unknown parties who acted as Nerdwallet's agents in telephone soliciting consumers and Plaintiff.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

15. The acts alleged in this complaint occurred in Clark County, Washington State, during the last four years.

16. Defendants are within the jurisdiction of the Court.

17. At all times relevant to the events and transgressions alleged herein, the Defendants engaged in telemarketing and telephone solicitation activities in Washington State, including the placing of computerized phone calls to the Plaintiff and Washington State residents to sell products and services.

18. Venue is proper in Clark County because many of the violations against the Plaintiff and putative class members occurred in this Court.

## III. FACTUAL ALLEGATIONS

**Plaintiff Jaxene Sundstrom**

19. The Plaintiff is and was the subscriber and regular user of the Washington State area code phone number that received the calls.

20. It is cell phone used as her residential phone line.

21. The Plaintiff uses her cell phone number for personal use only, as one would use what used to be referred to colloquially as a "landline."

22. The Plaintiff registered her Washington State area code cell phone number on the Federal Trade Commission's national do not call registry more than 30 days prior to the phone calls in the table below.

23. At no point did the Plaintiff consent to receiving telemarketing calls or text messages from the Defendants prior to receiving the calls at issue.

**The Calls**

24. Although the Plaintiff has never interacted with Nerdwallet, for the last four years she has received unwanted solicitation calls advertising for Nerdwallet.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

25. At no time relevant to this lawsuit did the Plaintiff consent to any calls from Nerdwallet that contained artificial or pre-recorded voice.

26. At no time relevant to this lawsuit did the Plaintiff consent to any solicitation calls from Nerdwallet.

27. The Plaintiff has been getting a steady stream of calls from "Dan" like those described in the table below for as long as she can remember.

28. The caller (Dan) didn't even bother to use fake monikers – he just called advertising websites that were advertising loan services for Nerdwallet.

29. In each call Dan's voice is the same, the only difference is which website Dan advertises.

30. Although the websites change, they continue to promote Nerdwallet's loan services.

31. If the Plaintiff answered the Defendants' calls, she was greeted by Dan's artificial or prerecorded voice which, after automatically playing its announcement, ended the call.

32. The Plaintiff could tell which calls were pre-recorded not only through her lifetime of experience answering calls, but because they were impersonal, had long pauses, used the same format and content, used the same voice, could not converse normally, contained reading a script type intonation and pauses, and then hung up the call without the opportunity to talk to a live agent.

33. In none of Dan's calls could the Plaintiff make a do not call request and in no call did Dan give instructions on how to make a do not call request.

34. The call list below is a non-exhaustive list of phone calls the Plaintiff received in 2025 and 2026, each of them selling Nerdwallet's loan services.

35. The Plaintiff asked for the calls to stop to no avail.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

36. All of Dan's calls were initiated with artificial or prerecorded voice, also known as an automatic dialing and announcing device.

37. Once the call was answered the announcing device played a script using artificial or prerecorded voice.

38. These robocalls would start out with an automatic dialing device to dial the calls, and an automatic announcing device would play a prerecorded or artificial voice when the Plaintiff answered the call or it went to her voicemail.

| Call # | Date | Calling # | From |
|---|---|---|---|
| 1 | 8/6/2025 | 360 276 2852 | Dan here from www.mylostcash.com |
| 2 | 8/20/2025 | 360 295 1007 | Dan from www.myreliefcheck.com |
| 3 | 9/21/2025 | 360 245 6892 | Dan from www.myreliefcheck.com |
| 4 | 11/4/2025 | 360 245 4911 | Dan from www.myreliefcheck.com |
| 5 | 11/11/2025 | 360 226 5023 | Dan from www.reliefcheckusa.com |
| 6 | 11/26/2025 | 360 245 4911 | Dan from www.reliefcheckusa.com |
| 7 | 12/10/2025 | 360 234 2772 | Dan from www.reliefcheckusa.com |
| 8 | 12/11/2025 | 360 226 5023 | Dan from www.reliefchecknow.com |
| On 12/11/2025 the Plaintiff used a reasonable means to tell Nerdwallet to about the illegal calls that were advertising for Nerdwallet and to ask that the calls stop | | | |
| 9 | 12/17/2025 | 360 226 1530 | Dan from www.reliefchecknow.com |
| 10 | 12/30/2025 | 360 386 7269 | Dan from www.myreliefclaim.com |
| 11 | 1/2/2026 | 360 523 7481 | Dan from www.myreliefclaim.com |
| 12 | 1/7/2026 | 307 204 8735 | Dan from www.myreliefclaim.com |
| 13 | 1/15/2026 | 425 285 6519 | Dan from www.myreliefclaim.com |

39. The calls were all spoofed – the calling number transmitted was made up and a call back to this number could not and did not reach any Defendant in this lawsuit or their agents.

40. The Plaintiff knows because she called the calling numbers back and did not reach any Defendant or any of their agents.

41. Calls to the calling numbers reached disconnected phone lines or people or businesses obviously not involved in loan or financial services.



NW DR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

42. After the prerecorded or artificial voice message played, each of those calls hung up without the opportunity to talk to anyone.

43. Each caller initiated the call for the purpose of encouraging the Plaintiff to purchase financial services through a website that was advertising Nerdwallet.

44. Each caller initiated the call for the purpose of encouraging the Plaintiff to purchase financial services from Nerdwallet.

45. Each caller pitched financial services to the Plaintiff.

46. In none of these calls did the callers ever identify who they were calling from, or their name, or identify who they were calling on behalf of during the first 30 seconds of the call or any part of the call.

47. In none of these calls did the caller provide a telephone number or address at which the person or entity may be contacted to make a do-not-call request.

48. The callers had the capacity to transmit a calling number that would permit the called party to make a do-not-call request during regular business hours and willfully failed to do so.

49. The callers had the capacity to transmit the name of the telemarketer or the name of the seller on behalf of which the telemarketing call was placed and willfully failed to do so on every single call.

50. The Defendants and their agents always transmitted false caller ID information to each of the solicitation calls they initiated to the Plaintiff.

51. The Plaintiff notified Nerdwallet about the unwanted and illegal phone calls.

52. Nerdwallet did not investigate the illegal and unwanted phone calls.

53. Nerdwallet continue to generate business with these same Telemarketer harassing the Plaintiff and continued to try and generate business by calling the Plaintiff.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

54. All of the calls the Plaintiff received used the same general script, were received during the same time frame, and used the same similar monikers.

**Class Definitions**

55. The Plaintiff brings this class action lawsuit pursuant to CR 23, and seeks certification of the following Classes:

**DNCR Class**: All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendants or a third party acting on Defendants' behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

**WA DNCR Class:** Plaintiff and all persons within Washington State who from the enacting date of RCW 80.36.390(9) who the Defendant initiated a telephone solicitation call to their telephone number registered on the do not call registry maintained by the federal government pursuant to telephone consumer protection act, 47 U.S.C. Sec. 227 and related regulations.

**WA Removal Class**: Plaintiff and all persons within Washington State who from four years prior to the filing of this action through class certification, (1) Defendant, or an agent calling on behalf of the Defendant, was told by the called party, pursuant to RCW 80.36.390(7), that he or she did not want to be called or again and the Defendant, or an agent calling on behalf of the Defendant (2) did not inform the called party that his or her phone number would be removed from the telephone solicitor's telephone lists for at least one year or (3) the Defendant, or an agent calling on behalf of the Defendant, made additional telephone solicitation to the called party within the year.

**30 Second Class:** Plaintiff and all persons within Washington State who from four years prior to the filing of this action through class certification Defendant (or an agent acting on behalf of Defendant) called for the purpose of encouraging the recipients to purchase property, goods, or services without identifying him or herself and the company or organization on whose behalf the solicitation is being made and the purpose of the call within the first 30 seconds of the telephone call.

**Pre-recorded No Consent Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendants, or an agent calling on behalf of the Defendants, called on their telephone number (2) using the same or a substantially similar artificial or pre-recorded voice messages used to call the Plaintiff.

**Automatic Dialing and Announcing Device Class**: All persons within Washington State who from four years prior to the filing of this action through class certification (1) Defendant, or an agent calling on behalf of the Defendant,



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

called on their telephone number using an (2) automatic dialing and announcing device for purposes of commercial solicitation.

**Identification Class:** Plaintiff and all persons within the United States who from four years prior to the filing of this action through class certification Defendant (or an agent acting on behalf of Defendant) called for the purpose of encouraging the recipients to purchase property, goods, or services without providing the called party the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.

**False or misleading Caller ID class**: Plaintiff and all persons within the United State who from four years prior to the filing of this action through class certification Defendant (or an agent acting on behalf of Defendant) called for the purpose of encouraging the recipients to purchase property, goods, or services while failing to transmit a calling number that would permit the called party to make a do-not-call request during regular business hours and willfully failing to transmit the name of the telemarketer or the name of the seller on behalf of which the telemarketing call was placed.

**Procedures Class:** Plaintiff and all persons within the United States who from four years prior to the filing of this action through class certification, made a do not call request to one or more Defendant (or an agent acting on behalf of Defendant), that Defendant did not have sufficient procedures instituted to prevent further telephone solicitation calls to that person, and that person received further telephone solicitation calls from or on behalf of that Defendant.

**Spoofed Number Class**: Plaintiff and all persons within Washington State who from four years prior to the filing of this action through class certification Defendant (or an agent acting on behalf of Defendant) called for the purpose of encouraging the recipients to purchase property, goods, or services while causing the caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value.

56. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

57. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

58. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff.

59. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Class include, but are not necessarily limited to, the following:

a. Whether Defendant obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

b. Whether Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

c. Whether Defendant sent text messages without providing the called party with the name of the individual caller or the name of the person or entity on whose behalf the call is being made;

d. The number of text messages Defendant sent to Washington residents' cell phones or pagers;

e. Whether Defendant should be held liable for violations committed on its behalf, if any; and



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

f. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

60. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

61. In addition to satisfying the prerequisites of CR 23(a), Plaintiff satisfies the requirements for maintaining a class action under CR 23(b) because:

a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c. Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

62. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

63. Excluded from the Classes are the Defendants and any entities in which the Defendants have a controlling interest; the Defendants' agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

## IV. CAUSES OF ACTION
## ALLEGATIONS APPLICABLE TO ALL COUNTS

64. Nerdwallet is a "seller" as defined by 47 CFR § 64.1200(f)(10).

65. Nerdwallet is a "telemarketer" as defined by 47 CFR § 64.1200(f)(12).

66. Nerdwallet and its telephone agents engaged in "telephone solicitation" to Washington State residents as defined by RCW 80.36.390(1)(a).

67. Nerdwallet and its telephone agents are "telephone solicitors" as defined by RCW 80.36.390(4).

68. Nerdwallet and its telephone agents are "persons" as defined by RCW 19.86.010(1).

69. Nerdwallet and its telephone agents engaged in "trade" and "commerce" with Washington State residents as defined by RCW 19.86.010(2).

70. All of the calls the Defendants initiated to the Plaintiff and proposed Class were "telephone solicitations" as defined by 47 CFR § 64.1200(f)(15).

71. The Plaintiff is a person as defined by RCW 19.86.010(1).

72. The calls were initiated to encourage the Plaintiff to purchase goods and/or services from Nerdwallet.

73. The phone ringing finding out it is a sales call is an invasion of privacy, a trespass into the Plaintiff's property and seclusion, and a waste of time.

74. Answering the phone takes time that could be spent doing other things, and these calls do have a real, if small, cost in electricity and life of the phone.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

75. Trying to figure out who is behind the calls is obnoxious and costs the Plaintiff time.

**COUNT 1 - TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(b)**

76. Pursuant to 47 U.S.C. § 227(b), it is unlawful for a person to place telephone calls with an artificial or prerecorded voice.

77. The Plaintiff re-alleges the previous paragraphs supra.

78. The Defendants violated 47 U.S.C. § 227(b) by calling the Plaintiff's telephone while using an artificial or prerecorded voice. No exception under 47 C.F.R. § 64.1200 or 47 U.S.C. § 227 applies to their calls.

79. Therefore, the Defendants violated 47 U.S.C. § 227(b) on no fewer than fifty (50) occasions.

80. The Plaintiff has been damaged and injured as a result of these actions.

81. The Defendants' actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

**COUNT 2 - TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(c)**

82. Pursuant to 47 U.S.C. § 227(c), it is unlawful for a person to initiate telephone solicitation to residential telephone subscribers who have registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

83. The Plaintiff re-alleges the previous paragraphs supra.

84. The Plaintiff registered her telephone number on the national do-not-call registry of people who do not wish to receive telephone solicitations that is maintained by the Federal Government more than 31 days prior the calls subject to 47 CFR § 64.1200(c)(2).



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

85. The Defendants violated 47 U.S.C. § 227(c)(2) by calling the Plaintiff's telephone without invitation or consent.

86. No exception under 47 C.F.R § 64.1200, or 47 U.S.C. § 227 applies to their calls.

87. Nerdwallet instructed their phone agents to not identify themselves to the Plaintiff because they knew they were illegally calling the Plaintiff and they wanted to prevent the Plaintiff and consumers like her from suing Nerdwallet for the illegal calls.

88. Nerdwallet instructed their phone agents to not transmit accurate caller ID information for the same reason – preventing lawsuits for their illegal calls.

89. The Defendants violated 47 U.S.C. § 227(c) on no fewer than fifty (50) occasions.

90. The Plaintiff has been damaged and injured as a result of these actions.

91. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 3 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1200(d)**

92. Pursuant to 47 C.F.R. § 64.1200(d), no entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity.

93. The Plaintiff re-alleges the previous paragraphs supra.

94. The Defendants did not have procedures for maintaining a list of persons who request not to receive such calls.

95. Plaintiff made a do-not-call request to Nerdwallet but it continued to telephone solicit her.

96. Therefore, the Defendants have violated 47 C.F.R. § 64.1200(d) on no fewer than fifty (50) occasions.



NW DR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

97. The Plaintiff has been damaged and injured as a result of these actions.

98. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 4 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1200(d)(4)**

99. Pursuant to 47 C.F.R. § 64.1200(d)(4), all artificial or prerecorded voice telephone messages or *any* call for telemarketing purposes shall identify the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and the telephone number or address at which the person or entity may be contacted.

100. The Plaintiff re-alleges the previous paragraphs supra.

101. The Defendants never identified the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and the telephone number or address at which the person or entity may be contacted to the Plaintiff.

102. Instead they used fake generic names or didn't give a name at all.

103. And never gave a telephone number or address where the person or entity could be contacted.

104. The Defendants are all unwilling or unable to comply with 47 C.F.R § 64.1200(d)(4) which puts them in violation of 47 C.F.R § 64.1200(d).

105. Therefore, the Defendants have violated 47 C.F.R. § 64.1200(d) 47 C.F.R. § 64.1200(d)(4) on no fewer than fifty (50) occasions.

106. The Plaintiff has been damaged and injured as a result of these actions.

107. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

**COUNT 5 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1200(d)(5)**

108. 47 C.F.R § 64.1200(d) states that no person or entity shall initiate any artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

109. 47 C.F.R § 64.1200(d)(5) states that in the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular entity making the call (or on whose behalf a call is made).

110. The Plaintiff repeatedly asked Nerdwallet to stop calling her.

111. The Defendants are all unwilling or unable to comply with 47 C.F.R § 64.1200(d)(5) which puts them in violation of 47 C.F.R § 64.1200(d).

112. Therefore, the Defendants have violated 47 C.F.R. § 64.1200(d) and 47 C.F.R. § 64.1200(d)(5) on no fewer than fifty (50) occasions.

113. The Plaintiff has been damaged and injured as a result of these actions.

114. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 6 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1601(e)**

115. 47 C.F.R. § 64.1601(e) requires any entity engaged in telemarketing as that term is defined udner 47 C.F.R § 64.1200 transmit caller identification information.

116. The Plaintiff re-alleges the previous paragraphs supra.

117. That information must include the name of the telemarketer or the seller when available by the telemarketer's carrier, and it must transmit a telephone number such that any



NW DR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

individual could make a do-not-call request to the telemarketer or seller during regular business hours.

118. The Defendants and their agents did neither.

119. The Defendants and their agent's phone carrier allowed them to transmit the name of the telemarketer or seller, and Nerdwallet and their agents chose not to transmit this information on any call to Plaintiff.

120. The Defendant and their agents chose not to transmit a telephone number such that Plaintiff could make a do-not-call request to the telemarketer or seller during regular business hours.

121. Therefore, the Defendants have violated 47 C.F.R. § 64.1601(e) on no fewer than fifty (50) occasions.

122. The Plaintiff has been damaged and injured as a result of these actions.

123. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 7 – WASHINGTON TELEPHONE SOLICITATION ACT RCW 80.36.390(3)**

124. Pursuant to RCW 80.36.390(3), a telephone solicitor must identify themselves and the company or organization on whose behalf the solicitation is being made and the purpose of the call, within the first thirty (30) seconds of the telephone call.

125. The Plaintiff re-alleges the previous paragraphs supra.

126. The Defendants never identified themselves, the company or organization on whose behalf the solicitation was being made, and the purpose of the call, within the first thirty (30) seconds of the telephone calls to the Plaintiff.

127. Therefore, the Defendants have violated RCW 80.36.390(3) on no fewer than fifty (50) occasions.

128. The Plaintiff has been damaged and injured as a result of these actions.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

129. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

## COUNT 8 – WASHINGTON TELEPHONE SOLICITATION ACT RCW 80.36.390(9)

130. Pursuant to RCW 80.36.390(9), no person may initiate, or cause to be initiated, a telephone solicitation to a telephone number registered on the do not call registry maintained by the federal government pursuant to telephone consumer protection act, 47 U.S.C. § 227 and related regulations, as currently enacted or subsequently amended.

131. The Plaintiff re-alleges the previous paragraphs supra.

132. The Defendants initiated telephone solicitation to the Plaintiffs telephone number after she caused it to be registered on the do not call registry maintained by the federal government pursuant to telephone consumer protection act, 47 U.S.C. § 227 and related regulations, as currently enacted or subsequently amended.

133. Therefore, the Defendants violated RCW 80.36.390(9) on new fewer than fifty (50) occasions.

134. The Plaintiff has been damaged and injured as a result of these actions

135. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

## COUNT 9 – WASHINGTON TELEPHONE SOLICITATION ACT RCW 80.36.390(10)

136. Pursuant to RCW 80.36.390(10), no person may initiate, or cause to be initiated, a telephone solicitation to a telephone number that violates 47 U.S.C. § 227(e)(1), as currently written or as subsequently amended or interpreted by the federal government.

137. The Plaintiff re-alleges the previous paragraphs supra.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

138. The Defendants initiated telephone solicitation to the Plaintiff's telephone number while knowingly transmitting misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value.

139. The Defendants invaded the Plaintiff's privacy and harassed the Plaintiff while knowingly transmitting misleading or inaccurate caller identification information with the intent of invading the Plaintiff's privacy.

140. The Defendants invaded the Plaintiff's privacy and harassed the Plaintiff while knowingly transmitting misleading or inaccurate caller identification information with the intent of selling the Plaintiff goods or services via wrongful phone calls.

141. Therefore, the Defendants violated RCW 80.36.390(10) on new fewer than fifty (50) occasions.

142. The Plaintiff has been damaged and injured as a result of these actions.

143. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 10 – WASHINGTON AUTOMATIC DIALING & ANNOUNCING DEVICE ACT RCW 80.36.400(2)**

144. Pursuant to RCW 80.36.400(2), no person may use an automatic dialing and announcing device for the purposes of commercial solicitation.

145. The Plaintiff re-alleges the previous paragraphs supra.

146. The Defendants used a device to initiate the artificial or prerecorded voice calls to the Plaintiff.

147. The device the Defendants used to initiate the artificial or prerecorded voice calls to the Plaintiff automatically dials phone numbers, and when a connection is established, automatically plays an announcement.

148. The Defendants used this device for the purpose of initiating commercial solicitation to the Plaintiff and consumers like her.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

149. The Defendants used an automatic dialing and announcing device for the purposes of commercial solicitation on every artificial or prerecorded voice call they placed to the Plaintiff's residential phone line.

150. Therefore, The Defendants violated RCW 80.36.400(2) on no fewer than fifty (50) occasions.

151. The Plaintiff has been damaged and injured as a result of these actions.

152. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 11 – WASHINGTON CONSUMER PROTECTION ACT**
**RCW 19.86 ET SEQ**

153. Pursuant to RCW 80.36.390(12), a violation of RCW 80.36.390 *et seq*, is a *per se* violation of the Washington Consumer Protection Act, RCW 19.86 *et seq*.

154. Pursuant to RCW 80.36.400(4) a violation of RCW 80.36.400 *et seq*, is a *per se* violation of the Washington Consumer Protection Act, RCW 19.86 *et seq*.

155. The Plaintiff re-alleges the previous paragraphs supra.

156. Each of the previously pleaded violations of RCW 80.36.390 by the Defendants against the Plaintiff were also violations of the Washington Consumer Protection Act.

157. Each of the previously pleaded violations of RCW 80.36.400 by the Defendants against the Plaintiff were also violations of the Washington Consumer Protection Act.

158. Therefore, the Defendants have violated RCW 19.86 *et seq* on no fewer than fifty (50) occasions.

159. The Plaintiff has been injured and damaged because of the Defendants' actions.

160. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

## COUNT 12 – INJUNCTIVE RELIEF

161. The Plaintiff re-alleges the previous paragraphs supra.

162. The Plaintiff does seek injunctive relief from this Court to enjoin the Defendants' harmful actions towards United States residents and Washington State residents in the manner described above.

163. Specifically, The Plaintiff seeks injunctions prohibiting the Defendants from acting in any manner at odds with 47 U.S.C. § 227(b), 47 U.S.C. § 227(c), RCW 80.36.390, RCW 80.36.400, and Washington Consumer Protection Act, RCW 19.86 *et seq* as described above.

164. The Defendants' actions constitute a documented pattern and practice of behavior that has impacted the Plaintiff and other individuals similarly situated, causing injury to them.

165. Injunctive relief is necessary to prevent further harm and injury to the Plaintiff, Washington State public, and United States public as well.

166. Injunctive relief should therefore be granted by this Court.

## V. JURY DEMAND

167. The Plaintiff demands a trial by jury.

## VI. PRAYER FOR RELIEF

168. WHEREFORE, the Plaintiff prays that the proposed Classes be certified under CR 23, and that the Plaintiff and her counsel be appointed to represent the Classes and for judgment be entered against the Defendants for:

169. For judgment against the Defendants for Plaintiff's actual damages;

170. For statutory damages of $1,500.00 per violation of the Telephone Consumer Protection Act;



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

171. For statutory damages of $1,000.00 per violation of the Washington Telephone Solicitation Act;

172. For statutory damages of $1,000.00 per violation of the Washington Automatic Dialing and Announcing Device Act;

173. For treble damages pursuant to RCW 19.86.090, 47 U.S.C.§ 227(b), 47 U.S.C.§ 227(c).

174. For the Plaintiff's costs and attorney's fees pursuant to RCW 80.36.390(13) and RCW 19.86.90;

175. For all injunctive relief as pleaded for above;

176. For any and all other relief this Court deems proper.

DATED March 22, 2026.

NORTHWEST DEBT RESOLUTION, LLC

/s/ Peter Schneider

Peter Schneider, WSBA# 43131
Attorney for Plaintiff
Northwest Debt Resolution, LLC
10900 Ne 4th Street, Ste. 2300
Bellevue, WA 98004
peter@nwdebtresolution.com
PH: 206-800-6000
FX: 206-800-6015